IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISON

| | | |
|---|---|---|
| LLOYD SMITH, | : | Civil Action No. |
| Plaintiff, | : | |
| vs. | : | |
| SUNRISE CREDIT SERVICES, INC, BENJAMIN CARROCCIO, and | : | |
| ARROWOOD INDEMNITY CO., | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff, Lloyd Smith, by his attorney Ray Johnson, for his claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. ("State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff Lloyd Smith resides in Grand Junction, Iowa.

4. Defendant, Sunrise Credit Services, Inc. is a debt collector engaged in the business of collecting debts in the state of Iowa.

5. Defendant, Benjamin Carroccio, is with a law firm representing Sunrise Credit Services, Inc. that is engaged in the business of collecting debts in the state of Iowa. Carroccio participated in, or acted in concert with those who engaged in the violations as alleged herein.

6. Defendant, Arrowood Indemnity Company, is a creditor that is engaged in the business of collecting debts in the state of Iowa.

7. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

8. Defendants are attempting to collect an alleged debt from Smith. Defendants Arrowwood and Sunrise have not registered with the Iowa Attorney General's Office and are not authorized to collect debts in Iowa.

9. In an attempt to collect the debt, Defendant Sunrise repeatedly called Smith two-to-three times per day.

10. Defendant Carraccio made at least one telephone call to Smith where he accused Smith of being a "thief." Defendant Carracio also accused Smith of stealing money.

11. On or about January 12, 2009, Defendants sent Smith a letter attempting to collect an alleged debt. The letter stated, "this is the last communication from Sunrise Credit Services before a local attorney in your area sues you." The letter also threatened that Smith may be liable for Defendants' attorney's fees and other expenses prohibited by Iowa law. Defendants had no intention of filing the lawsuit.

## V. FIRST CLAIM FOR RELIEF

12. All facts and allegations of this Complaint are incorporated herein by reference.

13. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   a. Defendants violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   b. Defendants violated 15 U.S.C. § 1692e(2)(A) and (B) by making a false representation of the character, amount, or legal status of any debt or making a false representation regarding any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

   c. Defendants violated 15 U.S.C. § 1692e(5) by threatening to take an action that is not intended to be taken.

   d. Defendants violated 15 U.S.C. § 1692e(7) by making the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

   e. Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount that is not expressly authorized by agreement or law.

14. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for his statutory damages, costs, and attorney's fees.

## VI. SECOND CLAIM OF RELIEF

15. All facts and allegations of this Complaint are incorporated herein by reference.

16. Plaintiff's alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

17. With regard to attempts to collect from Plaintiff as alleged herein, Defendants were "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

18. Defendants violated the State Act. The foregoing acts, omissions and practices of Defendants were violations of Iowa Code § 537.7103, including but not limited to:

   a. Defendants violated Iowa Code § 537.7103(1)(b) by falsely accusing Smith of fraud or any other crime.

   b. Defendants violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversations repeatedly or continuously with intent to annoy, harass, or threaten a person.

   c. Defendants violated Iowa Code § 537.7103(4)(e) by making a representation which tends to create a false impression of the character, extent, or amount of a debt, or of its status in a legal proceeding.

   d. Defendants violated Iowa Code § 537.7103(4)(h) by making a representation that an existing obligation of the debtor may be increased by the addition of attorney's fees, investigation fees, service fees, or other fees or charges, when in fact such fees or charges may not legally be added to the existing obligation.

   e. Defendants violated Iowa Code § 537.7103(1)(f) by taking actions prohibited by chapter Iowa Code chapter 537 or any other law.

19. As a proximate result of the unfair debt collection, the Defendants are liable to Plaintiff for his actual damages, statutory damages, costs, and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k.

B. Actual and statutory damages pursuant to Iowa Code § 537.5201(1).

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8).

D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

*/s/ Ray Johnson*

RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Rd.
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com